# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

UNITED STATES OF AMERICA

v.

MERRILL ROBERTSON, JR.
Defendant.

Case Number: 3:16CR00133-001

USM Number: 90272-083

Defendant's Attorneys: Patrick Hanes, Esq.
Jonathan Lucier, Esq.
Arnold Henderson, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One through Fifteen of the Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18:1349; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | August 2016 | One |
| 18:1341 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | MAIL FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 5/9/2012 | Two |

The Court dismisses the indictment as to defendant MERRILL ROBERTSON, JR.

As pronounced on December 6 and 14, 2017, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Judgment imposed this 14th day of December, 2017.

/s/
John A. Gibney, Jr.
United States District Judge

Dated: 12/14/17

Case Number: 3:16CR00133-001
Defendant's Name: ROBERTSON, MERRILL JR.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18:1341 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | MAIL FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 3/19/14 | Three |
| 18:1341 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | MAIL FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 10/9/14 | Four |
| 18:1341 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c); | MAIL FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 3/17/15 | Five |
| 18:1341 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | MAIL FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 3/2/16 | Six |
| 18:1343 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | WIRE FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 12/31/10 | Seven |
| 18:1343 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | WIRE FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 9/13/11 | Eight |
| 18:1957 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | ENGAGING IN AN UNLAWFUL MONETARY TRANSACTION; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 10/15/14 | Nine |
| 18:1349; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | CONSPIRACY TO COMMIT BANK FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | July 2016 | Ten |
| 18:1344 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | BANK FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 6/14/15 | Eleven |
| 18:1344 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | BANK FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 9/23/15 | Twelve |
| 18:1344 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | BANK FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 6/15/16 | Thirteen |
| 18:1344 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | BANK FRAUD; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 6/16/16 | Fourteen |
| 18:1957 and 2; 18:982(a)(2) and 981(a)(1)(C), as incorporated by 28:2461(c) | ENGAGING IN UNLAWFUL MONETARY TRANSACTION; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | 6/16/16 | Fifteen |

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 3 of 7

Case Number: 3:16CR00133-001
Defendant's Name: ROBERTSON, MERRILL JR.

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FOUR HUNDRED AND EIGHTY (480) MONTHS. On Count One, the Court sentences the defendant to serve TWO HUNDRED AND FORTY (240) MONTHS. On Counts Two through Eight, the Court sentences the defendant to TWO HUNDRED AND FORTY (240) MONTHS on each count with these counts running concurrently with each other. The TWO HUNDRED AND FORTY (240) MONTH sentence on Counts Two through Eight shall run consecutively with the term on Count One. For Counts One through Eight, therefore, the total sentence is FOUR HUNDRED AND EIGHTY (480) MONTHS.

On Counts Ten through Fourteen, the Court sentences the defendant to serve THREE HUNDRED AND SIXTY (360) MONTHS on each count with these counts running concurrently with each other. On Counts Nine and Fifteen, the Court sentences the defendant to serve ONE HUNDRED AND TWENTY (120) MONTHS on each count with the counts running concurrently with each other. The THREE HUNDRED AND SIXTY (360) MONTH sentence on Counts Ten through Fourteen shall run consecutively with the ONE HUNDRED AND TWENTY (120) MONTH sentence on Counts Nine and Fifteen. For Counts Nine through Fifteen, therefore, the total sentence is FOUR HUNDRED AND EIGHTY (480) MONTHS.

The FOUR HUNDRED AND EIGHTY (480) MONTH sentence on Counts Nine through Fifteen shall run concurrently with the FOUR HUNDRED AND EIGHTY (480) MONTH sentence on Counts One through Eight, for a total term of FOUR HUNDRED AND EIGHTY (480) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
1) THAT THE DEFENDANT RECEIVE EDUCATIONAL AND VOCATIONAL TRAINING.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:16CR00133-001
Defendant's Name: ROBERTSON, MERRILL JR.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of THREE (3) YEARS on Counts One through Nine and Fifteen and a term of FIVE (5) YEARS on Counts Ten through Fourteen, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number:       3:16CR00133-001
Defendant's Name:  ROBERTSON, MERRILL JR.

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.
2) The defendant shall provide the probation officer with access to requested financial information.
3) All employment is subject to the approval of the probation officer. The defendant may not be employed in the investment industry.
4) The defendant shall pay the balance owed on any court-ordered financial obligations as follows:
   a. Special Assessment: in monthly installments of not less than $25, starting 60 days after supervision begins until paid in full.
   b. Restitution: in monthly installments of $250 or 25 percent of net income, whichever is greater, beginning 60 days after supervision begins until paid in full.

Case Number: 3:16CR00133-001
Defendant's Name: ROBERTSON, MERRILL JR.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Page 7.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $9,265,999.20 |
| Two | $100.00 | | |
| Three | $100.00 | | |
| Four | $100.00 | | |
| Five | $100.00 | | |
| Six | $100.00 | | |
| Seven | $100.00 | | |
| Eight | $100.00 | | |
| Nine | $100.00 | | |
| Ten | $100.00 | | |
| Eleven | $100.00 | | |
| Twelve | $100.00 | | |
| Thirteen | $100.00 | | |
| Fourteen | $100.00 | | |
| Fifteen | $100.00 | | |
| TOTALS: | $1500.00 | $0.00 | $9,265,999.20 |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section 3664(I), all nonfederal victims must be paid before the United States is paid.

See Attachment A and B for list of payees and amounts.

**Total Restitution** $9,265,999.20

The losses for which the defendant is jointly and severally liable with other co-defendants is as follows: $8,999,600.20 shall be joint and several with Sherman Carl Vaughn, Jr. (3:16CR111) as detailed in Attachment A. The remaining $266,399.00 shall be joint and several with Jason Eaton (3:17CR43), Marlon Hardy (3:17CR18), and Frederick Davis, II (3:17CR75) as detailed in Attachment B.

Case Number: 3:16CR00133-001
Defendant's Name: ROBERTSON, MERRILL JR.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $250.00 per month or 25 percent of net income, whichever is greater, beginning 60 days from the inception of supervised release. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant shall forfeit the defendant's interest in the following property to the United States:
  SEE Order of Forfeiture entered by the Court on December 6, 2017.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

United States v. Merrill Robertson, Jr., Case No. 3:16CR133
REDACTED ATTACHMENT A TO RESTITUTION ORDER

|    | VICTIM | LOSS AMOUNT |
|----|--------|-------------|
| 1  | Banks, Carolyn A. | $119,719.58 |
| 2  | Barbee, Evelyn E. | $2,109.64 |
| 3  | Belcher, Jr., Bernard E. | $30,053.43 |
| 4  | Brown, Dennis B | $40,655.43 |
| 5  | Bryant, Dorian | $6,633.28 |
| 6  | Bryant, Robert K. & Rebekah S. | $12,590.15 |
| 7  | Butler, Jason C. | $6,000.00 |
| 8  | Cobb, Robert and Harriet | $329,120.15 |
| 9  | Coleman, Jr., Mathew | $5,511.65 |
| 10 | Copeland, Janet K. | $126,421.98 |
| 11 | Crocker, James & Doris | $61,000.00 |
| 12 | Crudup, Dianna L. & Willie J. | $133,002.89 |
| 13 | D'Agostino, Deborah A. | $39,122.38 |
| 14 | Diamond, Belinda S. | $69,592.38 |
| 15 | Dodson, Justin Ethan | $21,500.00 |
| 16 | Dove, Celeste & Gordon | $129,993.08 |
| 17 | Duncan, Charles S. | $30,000.00 |
| 18 | Edison Sr., Melvin | $79,300.59 |
| 19 | Ellis, Mary Dickerson | $67,150.71 |
| 20 | Eubanks, Brade M. | $952.85 |
| 21 | Feathers, Robert J. | $20,727.50 |
| 22 | Haislip, Donald & Dorothy | $42,000.00 |
| 23 | Haislip, Pamela | $95,800.53 |
| 24 | Hammond, William | $100,000.00 |
| 25 | Harr, Cynthia | $89,990.04 |
| 26 | Harrell Jr., Adam Nelson | $7,431.45 |
| 27 | Harrison III, Robert A. | $72,586.03 |
| 28 | Hathaway, Brenda and Curtis | $50,000.00 |
| 29 | Hitchcock, William and Catherine | $15,000.00 |
| 30 | Jacobsen, Jerry Joe | $4,000,000.00 |
| 31 | Kelley, Karen M. | $60,000.00 |
| 32 | Leister, Maureen K. | $55,686.16 |
| 33 | Lewis III, Wynn | $94,250.00 |
| 34 | Liles, Mark A. | $40,000.00 |
| 35 | Mace, Del F. | $199,880.97 |
| 36 | Marston, Thomas L. | $69,525.92 |
| 37 | Merritt, Sharron | $15,000.00 |
| 38 | Miller, William and Geraldine | $25,000.00 |
| 39 | Monroe, Eugene | $500,000.00 |
| 40 | Murrell, Michael K. | $83,098.50 |
| 41 | Napier, Lynwood | $50,000.00 |
| 42 | Phillips, Ellen B. | $19,379.97 |

United States v. Merrill Robertson, Jr., Case No. 3:16CR133
REDACTED ATTACHMENT A TO RESTITUTION ORDER

|    | VICTIM | LOSS AMOUNT |
|----|--------|-------------|
| 43 | Ransone Jr., John E. | $264,331.72 |
| 44 | Sides, Tommy & Melinda | $373,204.44 |
| 45 | Smith, James and Mary | $25,000.00 |
| 46 | Staton, Howard L. | $27,622.09 |
| 47 | Sullivan, Henry M. & Mary | $596,441.01 |
| 48 | Thomas, Cassandra | $1,525.62 |
| 49 | Wells, Jr., Eddie & Rosanna | $36,346.37 |
| 50 | White, Paul S. & Maritza | $35,986.04 |
| 51 | Wile, Raymond & Martha | $100,000.00 |
| 52 | Williams, Thomas and Karen | $48,600.00 |
| 53 | Wilmer, Danny W. | $474,755.67 |
|    | **TOTAL LOSS** | $8,999,600.20 |

United States v. Merrill Robertson, Jr. Case No. 3:16CR133
ATTACHMENT B TO RESTITUTION ORDER

| Victim: | Loss Amount: |
|---|---|
| Navy Federal Credit Union*<br>Attn: Dana Vader<br>820 Follin Lane<br>Vienna, Virginia 22180 | $143,600.00<br>**Restitution is joint and several with Jason Eaton 3:17CR043; Marlon Hardy 3:17CR018; and Frederick Davis 3:17CR075** |
| One Main Financial<br>Attn: Restitution Coordinator<br>300 St. Paul Place<br>Baltimore, Maryland, 21202 | $18,500.00<br><br>**Restitution is joint and several with Marlon Hardy 3:17CR018** |
| Pentagon Federal Credit Union<br>Attn: Restitution Coordinator<br>2930 Eisenhower Avenue<br>Alexandria, Virginia 22314 | $61,899.00<br><br>**Restitution is joint and several with Marlon Hardy 3:17CR018** |
| State Department Federal Credit Union<br>Attn: Office Manager<br>1630 King Street<br>Alexandria, Virginia 22314-2745 | $30,000.00 PSR states 15,000 change<br><br>**Restitution is joint and several with Marlon Hardy 3:17CR018** |
| Citibank<br>Attn: Claudette Moser, Senior Fraud Investigator<br>14700 Citicorp Dr. Bldg. 21st Floor<br>Hagerstown, Maryland 21742 | $4,900.00<br><br>**Restitution is joint and several with Marlon Hardy 3:17CR018** |
| Member One Federal Credit Union<br>Attn: Restitution Coordinator<br>P.O. Box 12288<br>Roanoke, Virginia 24024-2288 | $7,500.00<br><br>**Restitution is joint and several with Marlon Hardy 3:17CR018** |
| Total due from defendant: | $266,399.00 |